IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UTAH STATE TAX COMMISSION; R. BRUCE JOHNSON, Commissioner and Chair of the Utah State Tax Commission; and the STATE OF UTAH;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:09cv1089<br><br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Utah State Tax Commission, et al.'s (collectively, "Defendants") motion to join parties.[2]  The court has carefully reviewed the motion and memorandum submitted by Defendants.  Union Pacific Railroad Company ("Plaintiff") did not file a responsive memorandum.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 21.

[2] *See* docket no. 22.

Pursuant to rule 19 of the Federal Rules of Civil Procedure or, in the alternative, rule 20, Defendants seek to join the following entities as defendants:  Beaver County, Box Elder County, Cache County, Carbon County, Davis County, Emery County, Grand County, Iron County, Juab County, Millard County, Morgan County, Salt Lake County, Summit County, Tooele County, Utah County, Wasatch County, Washington County, and Weber County (collectively, "Counties").  Defendants argue that because the Counties have collected the disputed property taxes Plaintiff seeks to enjoin, complete relief cannot occur without their participation.

Courts utilize a three-step inquiry in determining whether a party is necessary and/or indispensable under rule 19.  *See Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).  Accordingly, this court must determine:  (1) whether the Counties are necessary parties; and (2) if so, whether joinder of the Counties is feasible; or (3) if not, whether the Counties are indispensable.  *See id*.  The court will now address each of the above factors.

First, rule 19(a)(1) provides that a party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).  The relief sought by Plaintiff would require a reduction of its 2007 property tax assessment and a refund of money collected by the Counties.  While the State of Utah *apportions* the value and *assesses* the taxes, Utah Code Ann. §§ 59-2-201(1)(a) &

59-2-801, the actual amounts owed are *collected* by the Counties. See id. § 59-2-1330(1) (requiring that the property tax is to be paid directly to county assessor or treasurer). Furthermore, under Utah law, any refunds must be paid by the taxing entity that received the money. *See id.* § 59-2-1330(2)-(7) (providing the procedure for tax refunds). As such, the court would not be able to "accord complete relief" among Plaintiff and Defendants if the Counties are not added as parties. Fed. R. Civ. P. 19(a)(1)(A). Absence of the Counties would also "impair or impede the [Counties'] ability to protect the interest" in the subject matter of this lawsuit. Fed. R. Civ. P. 19(a)(1)(B)(i). Thus, because the Counties collected the taxes at issue here and would be ultimately responsible for refunding amounts to Plaintiff, if required, this court concludes that the Counties are necessary parties to this lawsuit.

Second, joinder of a necessary party is feasible if the party is "subject to service of process" and their "joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). The Counties are subject to service of process, *see* Fed R. Civ. P. 4(j)(2), Utah R. Civ. P. 4(d)(1)(G), and this case arises under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, the court concludes that joinder of the Counties is feasible as they are subject to service of process and the court will not be divested of subject-matter jurisdiction if they are joined.

Because the court has determined that the Counties are necessary parties and that their joinder is feasible, the court does not need to reach the indispensability issue or permissive

3

joinder under rule 20.  Based on the foregoing, Defendants' motion is **GRANTED**.  The Counties shall be joined as defendants in this matter.

**IT IS SO ORDERED.**

DATED this 16th day of April, 2012.

                                            BY THE COURT:

                                            PAUL M. WARNER
                                            United States Magistrate Judge